[No. 15897.   Department Two.—January 14, 1896.]

## CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT, v. A. E. BUCKMAN, APPELLANT.

STREET IMPROVEMENT—PERMISSION FOR PRIVATE GRADING—PUBLICATION OF ORDINANCE—VOID CONTRACT.—Under the street law of 1885 as amended in 1889, and under section 68 of the Consolidation Act of the city and county of San Francisco, in order that the owner or owners of lots fronting upon any street in the city and county, the width and grade of which has been established by the city council, shall be permitted to perform the work of grading the street at his or their own expense, it is necessary that the ordinance or resolution of the board of supervisors, granting the privilege therefor, shall, after introduction in

the board, be published in the mode prescribed by the Consolidation Act, for at least five days before final action by the board; and a resolution not so published is inoperative and can confer no authority upon lotowners to grade or in any way disturb the street in front of their premises, and any contract made by them with the consent of the street superintendent to do the work of grading is void and of no effect.

ID.—OBSTRUCTION OF STREET—PUBLIC NUISANCE—INJUNCTION.—Where a lotowner is engaged without authority in the grading of a street in such a manner as unlawfully to obstruct the free passage or use of the street in the customary manner, his acts constitute a public nuisance, which may be enjoined by the city.

APPEAL from an order of the Superior Court of the city and county of San Francisco denying a new trial. J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*William H. Chapman,* for Appellants.

The property owners have the absolute right to do the grading, and any contract made by them cannot be invalidated by subsequent action of the board of supervisors after they have granted the permission. (General Street Law, sec. 7, subd. 10.) An injunction is never granted unless the bill shows some vested right in the plaintiff, which is likely to suffer great or irreparable injury from the act complained of. (*Branch Turnp. Co.* v. *Board of Supervisors,* 13 Cal. 190.) The plaintiff's proof shows at best only a naked trespass, and against such a trespass equity will not grant an injunction. (*Leach* v. *Day,* 27 Cal. 643; *West* v. *Walker,* 3 N. J. Eq. 279; *Van Winkle* v. *Curtis,* 3 N. J. Eq 422; *Kerlin* v. *West,* 4 N. J. Eq. 449.)

*Harry T. Creswell,* city and county attorney, for Respondent.

Resolution No. 5498 was void, as the steps prescribed by the Consolidation Act were not pursued. (Consolidation Act, Worley's ed., 16.) As the powers of the board are purely statutory, it follows that they can only be exercised in the manner prescribed by the statute. The mode is the measure of the power. (*Blanchard* v.

*Beideman,* 18 Cal. 262; *Nicolson Pavement Co.* v. *Painter,* 35 Cal. 705; 1 Dillon on Municipal Corporations, sec. 309, and cases cited; *Eisenhuth* v. *Ackerson,* 105 Cal. 87; *Zottman* v. *San Francisco,* 20 Cal. 102; 81 Am. Dec. 96.) The act of the appellant complained of constituted a nuisance. (Civ. Code, secs. 3479, 3480.) When one justifies what would otherwise be a trespass or a nuisance, under a license, permission, or power, derived from competent authority, it is incumbent on him to show affirmatively, first, that the authority was competent; second, that the license or power was duly granted. If he fails to show either, his defense fails. (*Cowell* v. *Martin,* 43 Cal. 614.) As resolution No. 4498 was one granting a privilege, its final passage was prohibited by the statute without its having been published for five days after its introduction. (Webster's Unabridged Dictionary, tit. "Privilege"; *Brenham* v. *Water Co.,* 67 Tex. 542; *Ripley* v. *Knight,* 123 Mass. 519; *Cate* v. *State,* 3 Sneed, 120.) A nuisance may be enjoined or abated, and damages recovered in the same action. (Code Civ. Proc., sec. 731; *Yolo County* v. *Sacramento,* 36 Cal. 196.)

BELCHER, C.—This is an appeal from an order denying the defendant's motion for a new trial.

The action was brought to obtain a decree restraining the defendant, his agents, servants, and employees from digging into, tearing up, or in any way interfering with the roadway, roadbed, sidewalks, or grade of Market street, between the points of its junction with Valencia street and Seventeenth street, in the city and county of San Francisco.

The defendant, by his answer, admitted that he had commenced, with a large force of men, to grade a portion of Market street between the points named; and to justify his right to do so he set up an order, No. 2318, passed by the board of supervisors of said city and county in December, 1890, "changing and establishing grades on Market street, southwesterly from Valencia street," and a resolution, No. 4498 (third series), passed

by the said board in January, 1891, granting permission to certain property owners on Market street, between Valencia and Seventeenth streets, to grade said street in front of their property to the center line thereof. And he alleged that, under a contract with the said property owners, and a permission duly obtained from the superintendent of streets, he was proceeding to grade the street to the official grade for and on behalf of the property owners, and was lawfully performing said work when restrained by the order of the court below.

The case was tried, and the court found that at all the times mentioned Market street was and still is one of the public streets of the city and county of San Francisco; that at the time of the commencement of the action the defendant was engaged, with a large force of men in his employment and under his control, in digging, tearing up, removing, and otherwise destroying and obstructing the roadway of said street, between Valencia and Seventeenth streets, in such a manner as to obstruct the free passage and use of the same, and to destroy the roadway thereof for the use and purposes of a street and thoroughfare, and threatened to continue said acts; that all of said acts of defendant were done without the consent or permission of plaintiff or any of its officers or agents, and contrary to the express commands of plaintiff; and, as conclusions of law, that the said acts of defendant constitute a public nuisance, and plaintiff is entitled to a writ of injunction to restrain the further continuance thereof. A decree was accordingly entered granting the plaintiff the relief prayed for.

The principal question presented for decision is, were the findings of the court justified by the evidence?

It was proved on behalf of the plaintiff that on July 26, 1887, an order, No. 1924, was passed by the board of supervisors establishing the grade of Market street between Valencia and Seventeenth streets, and it was admitted by defendant that, prior to the passage of order No. 2318, the said street had been graded to the official grade as so established. It was further proved that

resolution No. 4498 (third series) was never passed to print, but was introduced at a meeting of the board held on January 2, 1891, and was then and there, on a vote taken by the board, declared to be adopted, and no other or further action thereon was ever taken; and also that on February 2, 1891, a resolution, No. 4672 (third series), expressly repealing resolution No. 4498 was adopted by the board.  It was also proved that on January 19, 1891, an order, No. 2388, expressly repealing order No. 2318 was passed by the board.

The general street law of 1885, as amended in 1889 (Stats. 1889, p. 157), contains very full and complete provisions for work upon public streets.  The general rule is that the work is to be done by contract and to be paid for by assessments of the expense upon the adjoining property owners in the proportions fixed by the statute.  The only exception to this rule is found in subdivision 10 of section 7 of the act, whereby it is provided that: " It shall be lawful for the owner or owners of lots or lands fronting upon any street, the width and grade of which have been established by the city council, to perform at his or their own expense (after obtaining from the council permission so to do, but before said council has passed its resolution of intention to order grading inclusive of this) any grading upon said street to its full width, or the center line thereof, and to its grade as then established," etc.

And in section 68 of the Consolidation Act it is provided that: " Every ordinance or resolution of the board of supervisors, providing for any specific improvement, the granting of any privilege . . . , shall, after its introduction in the board, be published, with the yeas and nays, in some city daily newspaper at least five successive days before final action by the board upon the same," etc.   (Consolidation Act, Worley's ed., 16.)

From the foregoing provisions of the statute it is evident that the owners of lots fronting on Market street had no right to proceed to grade the street, or to contract with anyone else to grade it, until after they

had obtained permission from the board of supervisors
to do so, and that such permission was a *privilege* which
could only be granted in the mode prescribed, namely,
after publication for at least five days.

It must follow, therefore, as resolution No. 4498 was
never published, that it never became operative, or au-
thorized the lotowners to grade, or in any way to dis-
turb the street in front of their premises; and that their
contract with the appellant to do work which they had
no right to do was void and of no effect.

But if this be so, it still is claimed for appellant that
the "proof shows at best only a naked trespass, and
against such trespass equity will not grant an injunc-
tion." This proposition cannot be maintained. The
proofs show that appellant was committing more than
mere trespass; he was unlawfully obstructing the free
passage or use, in the customary manner, of a public
street of the city, and this, under the provisions of the
code, constituted a public nuisance. (Civ. Code, secs.
3479, 3480.) And the Code of Civil Procedure expressly
provides that a nuisance may be *enjoined* or abated and
damages therefor recovered in the same action. (Civ.
Code, sec. 731.)

In *People* v. *Holladay*, 93 Cal. 248, 27 Am. St. Rep.
186, it is said: "The city and county of San Francisco
is a municipal corporation, created by the legislature of
the state, and has conferred upon it by the state full
power and jurisdiction over the public squares within
its territorial limits, with the right to sue and be sued,
and this necessarily includes the authority to maintain
and defend all actions relating to its right to subject to
the public use such squares of land claimed by it to
have been dedicated for such purposes. . . . . A munici-
pal corporation is for many purposes but a department
of the state organized for the more convenient adminis-
tration of certain powers belonging to the state (citing
authorities), and such corporations, in their manage-
ment and control over streets and squares within their
limits and in actions for the vindication and preserva-

tion of the public rights therein, exercise a part of the sovereignty of the state. Accordingly, it has been held that a city has the same right to maintain an action to prevent the unlawful obstruction of a street as would the people of the state." (Citing authorities.)

It will be observed that the law seems to be settled that a city, as the representative of the state, has the right to pursue all the ordinary civil remedies for enjoining or abating a public nuisance upon its streets or squares, and the only question in this case is, does it appear that the defendant was justified in his action?

We are satisfied that no sufficient justification was shown, and therefore advise that the order appealed from be affirmed.

HAYNES, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.