[No. 9934. In Bank. — April 28, 1888.]

CITY AND COUNTY OF SAN FRANCISCO, APPELLANT, *v.* SAMUEL W. HOLLADAY ET AL., RESPONDENTS·

SAN FRANCISCO — LAFAYETTE PARK — DEDICATION TO PUBLIC USE — ACT OF JULY 1, 1864 — JUDGMENT AS BAR. — The action was brought by the city and county of San Francisco to recover the possession of certain land, forming part of what is known as Lafayette Park. The plaintiff claimed that the land had been dedicated as a public square, and that it held the legal title in trust for such purpose, under the act of Congress of July 1, 1864, and the act of the legislature of March 11, 1858. The defendants pleaded in bar of the action a judgment rendered in favor of Holladay, in an action brought by him against the city and county, on the 17th of December, 1864, to quiet his title, in which it was decided that the land never had been dedicated as a park, and that the city and county had no title thereto. *Held,* that the action having been brought subsequent to the passage of the act of July 1, 1864, the judgment rendered therein was a bar to the present action.

ID. — QUIETING TITLE AGAINST CITY AND COUNTY. — Under the provisions of the consolidation act of 1850, the city and county of San Francisco could properly be made a party defendant in an action to quiet title at the instance of a private person.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco refusing a new trial.

The action was brought to recover possession of certain land in the city and county of San Francisco, forming part of Lafayette Park. The plaintiff claimed to hold the legal title to the land in trust for the people, under the act of Congress of July 1, 1864, and the act of the legislature of March 11, 1868. The defendants claimed to be entitled to the land, under the provisions of the Van Ness Ordinance, and pleaded certain judgments in bar of the action. The provisions of the ordinance under which the defendants claimed title are set out at length in the case of *Hoadley* v. *San Francisco,* 50 Cal. 266. Judgment was rendered in favor of the defendants. The appeal was taken from an order refusing the plaintiff a new trial. The further facts are stated in the opinion of the court.

*William Matthews, Craig & Meredith,* and *John L. Love,* for Appellant.

The judgment in *Holladay* v. *San Francisco* is not a bar, as the action was unauthorized. (*Sharp* v. *Contra Costa County,* 34 Cal. 290; *People* v. *Doe,* 36 Cal. 220; *Branham* v. *San Jose,* 24 Cal. 585; *Leet* v. *Rider,* 48 Cal. 623; *Polack* v. *San Francisco Orphan Asylum,* 48 Cal. 490; *Meriwether* v. *Garrett,* 102 U. S. 511; *Carr* v. *United States,* 98 U. S. 433; *King* v. *Lagrange,* 61 Cal. 221; *United States* v. *Lee,* 106 U. S. 196.)

*S. W. & E. B. Holladay, R. C. Harrison, W. C. Belcher, E. B. Mastick,* and *R. H. Lloyd,* for Respondents.

The judgment in *Holladay* v. *San Francisco* is a bar to the present action. (*Outram* v. *Morewood,* 3 East, 354; *Caperton* v. *Schmidt,* 26 Cal. 513; *Miles* v. *Caldwell,* 2 Wall. 39; *Henderson* v. *Henderson,* 3 Hare, 100; *Cromwell* v. *County of Sac,* 94 U. S. 353.)

PATERSON, J.—This is an action of ejectment brought by plaintiff to recover of the defendants two parcels of land in the city and county of San Francisco, forming a part of what is known as Lafayette Park. The plaintiff claims that it is seised in fee of the lands in trust for the people of the state; that the lands were dedicated to the public; that the defendants are trespassers and intruders thereon. Plaintiff claims title under section 5 of the act of Congress of July 1, 1864 (13 Stats. at Large, 333), and an act of the legislature of California, passed March 11, 1858 (Stats. 1858, p. 52).

A digest of the provisions of the Van Ness ordinance and other ordinances of the city, mentioned in the act of the legislature referred to, is given in the report of *Hoadley* v. *San Francisco*, 50 Cal. 266, and shows the basis of plaintiff's claim to the lands in controversy in this case.

In defense of the action, the defendants made a general denial, and pleaded in bar three final judgments entered before the commencement of the present action.

The court below found that all the matters and issues in this action, and all the questions of title and of dedication involved herein, had been, prior to the commencement of this action, heard, tried, and finally adjudicated and determined in favor of S. W. Holladay, one of the defendants herein, and against the plaintiff herein, in an action commenced November 16, 1863, in the fourth district court, wherein the people of the state were plaintiffs and S. W. Holladay was defendant; that the same land was the subject-matter of controversy in that action as in this, and that the same title and the same question of dedication to public use and acceptance by the public were litigated and adjudicated in that action as in this action; that said former action was commenced at the instance of plaintiff herein, and the trial thereof was managed and conducted in the interests of the plaintiff by its attorneys and officers acting on its behalf.

The court further found that all the matters in issue in this action, including the title and question of dedication, were finally adjudged and determined in favor of Holladay, one of the defendants herein, and against the plaintiff herein, in an action commenced December 17, 1864, in said fourth district court, wherein Holladay was plaintiff and the city and county of San Francisco was defendant; that the same land was the subject-matter of that action as in the present action.

Upon these findings the court rendered judgment for the defendants.

The third action referred to was an action commenced by the people of the state, on the relation of Mayor Bryant, against the present defendants, wherein it was alleged by plaintiff that the land in controversy was a portion of a public square dedicated to public uses. In the lower court said action was decided in favor of these defendants. Plaintiff's motion for a new trial was denied, an appeal was taken to this court, and the appeal was pending at the time the case at bar was decided. The decision of this court in that case is reported in 68 Cal. 439, and it was there held that the title which passed to the city and county of San Francisco by the act of July 1, 1864, was unaffected by the judgment in the case of *People* v. *Holladay,* commenced November 16, 1863, because it was acquired long after issue was joined in the action in which the judgment pleaded in bar was rendered, and because the attorney-general of the state had no power to submit the title of the government of the United States for adjudication.

The court below, therefore, erred in holding that said judgment, the first judgment pleaded in bar of this action, estopped the plaintiff from questioning the defendants' title to the lands in controversy.

The third judgment pleaded as an estoppel by the defendants in this action was reversed by this court in the *People* v. *Holladay, supra,* and of course is no defense

to this action. In that case this court said: "If the particular piece of land in controversy had been, prior to the passage of the act of Congress of July 1, 1864, dedicated by the city as a public square, Congress, by granting and relinquishing the title of the United States to the city, . . . . ratified and confirmed the dedication, . . . . and this virtually perfected the dedication." (68 Cal. 444.) It was not decided in that case whether there had been a dedication. That question, we think, was determined in favor of the defendant herein by the judgment in the second action.

The objection to the validity of the judgment in the first case, which was made in the *People* v. *Holladay*, *supra*, cannot be urged against the judgment in the case of *Holladay* v. *City and County of San Francisco*, the second judgment pleaded in bar in this case, because *Holladay* v. *City and County of San Francisco* was commenced December 17, 1864, several months after the passage of the act of Congress referred to. If the land has ever been dedicated to the public use, such dedication must have been before the passage of that act, at least before the commencement of the action, December 17, 1864. In the second action referred to, the same acts which are here claimed as acts of dedication were relied upon by the defendant therein, plaintiff herein. The court there necessarily held, in view of its judgment, that no dedication had ever been made. It would seem, therefore, that the matter is *res adjudicata*, and that the city is barred from further litigation of the question, and estopped from denying the fact. Issue therein was not joined until December 30, 1864, and final judgment was not rendered until December 25, 1867. It is claimed by appellant that the record in that case is not binding upon the city or the people, for the reason that, at the date of the institution of the suit, all the title that the city had was the bare right to the possession of this land in trust for the people of the state. But the particular

matter litigated in that suit was, whether the city held the fee in trust for the people or at all, and it was adjudged therein that the city had no right, title, or interest in the land. The judgment in that case was not appealed from, and is final so far as the city is concerned. It quieted the title of the plaintiff as against any and all claims of the defendant therein. Upon the strength of that title, so quieted, it appears that some of these defendants have purchased portions of the property in good faith. "It is for the public good that there be an end to litigation. If it were otherwise, there would be no security for any person, and great oppression might be done under color and pretense of law." (*Miles* v. *Caldwell*, 2 Wall. 39; Broom's Legal Maxims, 243.)

2. The provisions of the consolidation act authorized the city and county of San Francisco to "sue and be sued, plead and be impleaded, defend and be defended, in all courts of law, and in all actions of law, and in all actions whatsoever." (Act of 1850, sec. 2; Stats. 1850, p. 223.) Under this provision, we think that the plaintiff in *Holladay* v. *City and County of San Francisco, supra,* could maintain an action against said city and county.

Order affirmed.

SHARPSTEIN, J., SEARLS, C. J., McFARLAND, J., and THORNTON, J., concurred.

Rehearing denied.