[No. 13676. In Bank. — February 4, 1892.]

THE PEOPLE EX REL. A. J. BRYANT, RESPONDENT, v. S. W. HOLLADAY ET AL., APPELLANTS.

PUBLIC SQUARES IN SAN FRANCISCO — DEDICATION — MUNICIPAL ORDINANCE — RATIFICATION — CONFIRMATION OF TITLE. — The act of the legislature of March 11, 1858, ratifying and confirming an ordinance of the city and county of San Francisco which approved a map showing the location of streets and squares in that city, operated as a selection and dedication to public use of the tracts marked as public squares on the map approved by the ordinance, and the act of Congress of July 1, 1864, relinquishing and granting to the city the title to such land for the uses and purposes specified in the ordinance, had the effect to confirm such dedication and make it operative upon the legal title, as well as upon such title as the city held prior thereto.

ID. — TITLE OF CITY — FORMER JUDGMENT — RES ADJUDICATA. — The title to public squares which passed to the city and county by the act of Con-

XCIII. CAL.—16

| 93 | 241 |
| 93 | 492 |
| 93 | 241 |
| a102 | 662 |
| 93 | 241 |
| 106 | 587 |
| 93 | 241 |
| 111 | 30 |
| 93 | 241 |
| 124 | 357 |
| 93 | 241 |
| 127 | 667 |
| 93 | 241 |
| 136 | 551 |
| 93 | 241 |
| 148 | 175 |

gress of July 1, 1864, having been acquired after issue joined in an ac-
tion brought by the attorney-general in behalf of the people to enforce
the city's title to a public square, and after the case was submitted for
decision, and not being in issue therein, and the attorney-general of the
state having no power to submit to the determination of any tribunal
the title of the government of the United States, the judgment in such
action against the plaintiff could not conclude or affect the title of the
city and county acquired under the act of Congress.

ID. — EFFECT OF JUDGMENT — LAW OF THE CASE — APPEAL. — A decision
rendered upon a former appeal in the same cause, as to the effect of a
judgment as *res adjudicata,* becomes the law of the case, which must be
followed upon a second appeal as to the identical points decided, where
the record does not disclose any new or additional facts in relation to the
judgment the effect of which was passed upon on the former appeal.

ID. — FINDINGS — IDENTICAL FACTS UPON SECOND APPEAL — CONCLUSION OF
LAW. — The fact that the court found upon the second trial that the
plaintiff acquired no new or different title to the land in controversy
since the commencement of the former action, the judgment in which is
relied upon as a bar, is not sufficient to take the question as to the title
out of the operation of the law as decided on the former appeal, where
the finding itself was set aside by an order granting a new trial, and is
only a conclusion of law based upon the same facts which were before
the appellate court upon the first appeal.

ID. — QUIETING TITLE — CONCLUSIVENESS OF JUDGMENT — DEDICATION OF
PUBLIC PARK. — A judgment in favor of the plaintiff in an action brought
against the city and county of San Francisco, by a party in the posses-
sion of land claimed by the city as a public park, to quiet title to the
land, upon the ground that it had never been dedicated to public use, is
a bar to an action by the people of the state for the recovery of the same
land.

ID. — MUNICIPAL CORPORATIONS — CONTROL OVER STREETS AND SQUARES —
ACTION TO PREVENT OBSTRUCTION. — A municipal corporation is for
many purposes but a department of the state organized for the more
convenient administration of certain powers belonging to the state, and
exercises a part of the sovereignty of the state in its management and
control over streets and squares within its limits, and has the same right
to maintain an action to prevent the unlawful obstruction of a street as
would the people of the state.

ID. — ABATEMENT OF PUBLIC NUISANCES — CITY REPRESENTING INHABI-
TANTS. — The right of a municipal corporation to maintain an action to
abate a public nuisance upon a public square is based upon the ground
that it represents the equitable rights of its inhabitants.

ID. — ACTION BY CITY — PRESERVATION OF EASEMENT — STATE BOUND BY
JUDGMENT. — The city and county of San Francisco has the authority
to maintain an action for the purpose of preserving the rights of the gen-
eral public to the use of squares, or land claimed as such, within its lim-
its, and in such action it is authorized to put in issue the alleged rights
of the people to such easement; and the state is bound by the result of
such litigation, if the same is not collusive.

ID. — FORMER JUDGMENT — RES ADJUDICATA — EFFECT OF ERROR. — The
fact that a judgment in a former action between the same parties, which
determined the same points as those raised in the latter action, was

erroneous under the law as subsequently declared by the appellate court in other cases between other parties, does not affect its force as an adjudication of the rights of the parties thereto, and those in privity with them.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*S. W. & E. B. Holladay, Mastick, Belcher & Mastick, John R. Jarboe,* and *R. H. Lloyd,* for Appellants.

*William Matthews, Craig & Meredith, John H. Durst, John L. Love,* and *W. H. H. Hart,* for Respondent.

DE HAVEN, J. — This is an action brought by the attorney-general, in behalf of the people of the state, upon the relation of one Bryant. It is alleged in the complaint that the land therein described was lawfully dedicated to public use as a public square, on March 11, 1858, by the name of Lafayette Park, and that defendants have erected buildings and fences thereon, thereby obstructing the public in the use of the same as a square, and judgment is asked to the effect that such buildings and fences constitute a nuisance, and that defendants be enjoined from maintaining or continuing the same, or from otherwise obstructing the people of the state in the free use of said land for the purpose for which it was dedicated. In their answer, the defendants deny that the land described in the complaint was ever dedicated to public use as a square, and also allege that on November 16, 1863, the plaintiff herein, upon the relation of one Bohen, commenced an action against S. W. Holladay, one of the defendants herein, and through whom the other defendants claim; that in said action the same identical matters alleged in this complaint were in issue, and judgment therein was finally rendered against this plaintiff, and in favor of defendant Holladay. It is also particularly averred, as a separate defense, that in said action one of the material issues was, whether the land here in controversy was ever dedicated to the public as a square, and that this issue was found and adjudged

against plaintiff. The answer further alleges, as a separate defense, that on December 17, 1864, the defendant S. W. Holladay commenced an action against the city and county of San Francisco to quiet his title as against all adverse claims of said city and county to the land in controversy, and that judgment was therein given to the effect that said Holladay was the owner of an undivided nineteen twentieths of said land, and his title thereto was quieted as against the said city and county; and in this connection it is further alleged that one of the material issues tried in that action, and determined adversely to the present claims of the plaintiff herein, was, whether the land in controversy had ever been dedicated to the public use as a square, and whether said city and county held the legal title thereto in trust for the people of the state. The present action was tried by the court without a jury, and findings filed to the effect that the matters alleged in the answer of defendants were true, and judgment was thereafter entered for the defendants. Subsequently the court granted plaintiff's motion for a new trial, and from this order the defendants appeal.

The land in controversy is within the corporate limits of the city of San Francisco as defined by the act of the legislature of this state of April 15, 1851 (Stats. 1851, p. 157); and all the right and title of the United States thereto were, by section 5 of the act of Congress of July 1, 1864, to expedite the settlement of titles to lands in the state of California (13 U. S. Stats. at Large, 332), "relinquished and granted to the said city and its successors, for the uses and purposes specified in the ordinance of said city ratified by an act of the legislature of the said state approved on the 11th of March, 1858." It is conceded that this land forms a part of the tract designated as Lafayette Park upon the map, showing the location of streets and public squares in the city of San Francisco; the map approved by one of the ordinances of said city ratified by the act of the legislature of this state approved March 11, 1858 (Stats. 1858, p. 52), and

referred to in the act of Congress of July 1, 1864.  It further appears from the evidence that the defendants and their successors in interest were in the actual possession of the land on January 1, 1855, and so continued until after March 11, 1858.

1. It has been repeatedly held by this court that the act of the legislature of March 11, 1858, ratifying and confirming the ordinance referred to, operated as a selection and dedication to public use of the tracts marked as public squares on the map approved by that ordinance, and that the above-mentioned act of Congress of July 1, 1864, had the effect to confirm such dedication and make it operative upon the legal title, as well as upon such title as the city held prior thereto.  (*Hoadley* v. *San Francisco*, 50 Cal. 265; *Sawyer* v. *San Francisco*, 50 Cal. 370; *Hoadley* v. *San Francisco*, 70 Cal. 320.) This being so, it follows that the land in controversy was in fact dedicated to the public as alleged in the complaint, and, as a consequence, defendants never acquired any title thereto by virtue of the possession of themselves or predecessors, and the act of the legislature of this state of March 11, 1858, or the ordinances thereby ratified.  The plaintiff is therefore entitled to maintain this action, unless estopped by one or the other of the judgments relied upon by defendants as a bar.

2. It was held by this court upon the former appeal in this case, that the judgment rendered in favor of defendant Holladay, in the action brought by the people of the state upon relation of Bohen, is not a bar to the present one.  In discussing this question, the court said: "The title which passed to the city and county of San Francisco by the act of Congress of July 1, 1864, was unaffected by the judgment pleaded in bar herein; first, because it was acquired long after issue in the action in which that judgment was rendered was joined and the cause submitted for decision, and was not put in issue therein (*People's Sav. Bank* v. *Hodgdon*, 64 Cal. 95; *Valentine* v. *Mahoney*, 37 Cal. 396); and secondly, because the attorney-general of the state had no power to submit to

the determination of any tribunal the title of the government of the United States." (*People* v. *Holladay*, 68 Cal. 439.) This record does not disclose any additional facts in relation to the judgment the effect of which was thus passed upon, and the decision upon the former appeal quoted must therefore be deemed the law of the case, so far as concerns the particular point therein decided.

The finding of the court below, that the people of the state have acquired no new or different title to the land in controversy since the commencement of the former action, relied upon as a bar, is not sufficient to take the question now under consideration out of the operation of the law declared on the former appeal; first, because the finding itself was set aside by the order granting a new trial; and secondly, because it was only a conclusion of law which that court drew from the same facts which were before this court on the former appeal. Nor can the appellants avoid the force of that decision by the special and particular manner in which they have alleged that respondents are estopped to retry in this action the question of dedication which was in issue and passed upon in the former action. The fact of dedication is essential to support respondents' cause of action, and that they are not estopped by the judgment relied upon by appellants as an estoppel from showing such fact is not only the necessary and logical effect of the decision of this court upon the former appeal, but was so stated by the court in the following language: "To hold that the plaintiffs are concluded, by the judgment pleaded in bar, from showing that there was a dedication to which the title conveyed by the act of 1864 related, and which it perfected, would be, in effect, to hold the title conveyed by the act of 1864 concluded by the former judgment, which, for the reasons already given, is not the case." As already stated, this decision constitutes the law of this case, and we hold, in accordance with it, that the former judgment in the action brought against defendant Holladay by the present plaintiff, upon the relation of Bohen, does not constitute a bar to this action, or conclude the question of dedication involved here.

3. This brings us to consider the effect of the judgment in the case of *Holladay* v. *City and County of San Francisco*, commenced December 17, 1864, and after the legal title to the land in controversy had passed from the United States by the act of Congress of July 1, 1864. That was an action to quiet title, and it appears from the evidence that the question therein litigated was, whether the land in controversy had ever been dedicated to the public use claimed by the people in this action. It is contended by the respondents that such matter was not in issue in that case, the answer of the defendant simply denying all the allegations of the complaint in that action. But this court held in the late case of *San Francisco* v. *Holladay*, 76 Cal. 18, in relation to this particular judgment, that this question was involved therein, and that such judgment was a bar to any further assertion by the city and county of San Francisco that it held the legal title in trust for the people. The court there said: " It is claimed by appellant that the record in that case is not binding upon the city or the people, for the reason that at the date of the institution of the suit all the title that the city had was the bare right to the possession of this land in trust for the people of the state. But the particular matter litigated in that suit was, whether the city held the fee in trust for the people or at all, and it was adjudged therein that the city had no right, title, or interest in the land. The judgment in that case was not appealed from, and is final so far as the city is concerned. It quieted the title of the plaintiff as against any and all claims of the defendant therein." (*San Francisco* v. *Holladay*, 76 Cal. 18.)

The pleadings in that case being sufficient to put in issue the question of dedication involved herein, what is the effect of such judgment upon the rights of the present plaintiff? Are the people of the state thereby estopped from asserting that the defendant in that action, the city and county of San Francisco, did hold and now holds the legal title to the land in controversy in trust for the use of the people of the state as a public square?

The city and county of San Francisco is a municipal corporation created by the legislature of the state, and has conferred upon it by the state full power and jurisdiction over the public squares within its territorial limits, with the right to sue and be sued, and this necessarily includes the authority to maintain and defend all actions relating to its right to subject to the public use such squares or land claimed by it to have been dedicated for such purposes; and in any action brought by it for the purpose of vindicating and protecting the public rights in such squares, or land claimed as such, the state would be bound by the result, because in such action the city and county would in fact represent the people of the state by virtue of the authority given it to maintain such actions for the purpose of preserving the public rights of which it is the trustee. A municipal corporation is for many purposes but a department of the state organized for the more convenient administration of certain powers belonging to the state (*Sinton* v. *Ashbury*, 41 Cal. 530; *Barnes* v. *District of Columbia*, 91 U. S. 544; *Board of Education* v. *Martin*, 92 Cal. 209), and such corporations, in their management and control over streets and squares within their limits, and in actions for the vindication and preservation of the public rights therein, exercise a part of the sovereignty of the state. Accordingly, it has been held that a city has the same right to maintain an action to prevent the unlawful obstruction of a street as would the people of the state. Thus in the case of *Metropolitan City R'y Co.* v. *Chicago*, 96 Ill. 628, it is said: "The state has a like control over highways, streets, and public grounds as is exercised by the crown of England, and may have like remedies against persons unlawfully obstructing the same. A portion of the political power of the state is committed to the municipalities. The general assembly of this state has vested in cities, villages, and towns the right to control the use of highways, streets, and public grounds within their respective limits, and they are invested with the authority of the crown and of the state,

in this respect, to file bills to prevent and remove ob-
structions from the streets, highways, and public grounds
under their control." So, also, in *Trustees* v. *Cohen*, 4
Paige, 510, 27 Am. Dec. 80, it was held that the munici-
pality so far represents the equitable rights of its in-
habitants, that it is authorized to maintain an action to
abate a public nuisance upon a public square. And to
the same effect is the case of *City of Demopolis* v. *Webb*,
87 Ala. 659.

There are other cases which seem to base the right of
municipal corporations to maintain such actions upon
the narrower ground that they suffer special and pecu-
liar injury in the obstruction of streets and squares dif-
ferent from that sustained by the general public, but we
are satisfied with the broader rule announced in the
above-cited cases.

We entertain no doubt that the city and county of
San Francisco has the authority to maintain an action
for the purpose of preserving the rights of the general
public to the use of squares, or land claimed as such,
within its limits, and that in such action it is authorized
to put in issue the alleged rights of the people to such
easement, and that the state itself is bound by the result
of such litigation, if the same is not collusive. And we
see no reason why these same rights might not also be
tried and determined in an appropriate action in which
the municipality might be a defendant — as, for instance,
ejectment, where it had ousted the claimant from the
possession; or by injunction, where it threatened to re-
move his buildings or trees or a portion of the soil from
the land claimed by it as a public square — and the pub-
lic would be bound by the final judgment therein if the
action was conducted in good faith on the part of the
city. The rule that the citizen shall not be twice vexed
for the same cause of action is as binding upon the state
as upon other litigants; and the legislature, in confer-
ring upon the city power to maintain and defend in the
courts the rights of the state to streets and squares
within its limits, must be presumed to have done so

with reference to this well known maxim, and to have intended that the state should be bound by the result of such litigation. And that an action by the adverse claimant against the city, to quiet his title, where the city claims to hold the legal title in trust for the use of the people, as a public square, is an appropriate action to determine such claim, is the effect of the decisions of this court in *San Francisco* v. *Holladay*, 76 Cal. 18, and *San Francisco* v. *Itsell*, 80 Cal. 57.

In *San Francisco* v. *Holladay*, 76 Cal. 18, the action was ejectment by the city and county of San Francisco, for the purpose of recovering the land in controversy in this action, the plaintiff claiming that it held the legal title to the land in trust for the people of the state, and that the same had been dedicated to the use of the public, and that the defendants were intruders thereon. The action was therefore substantially one for the use and benefit of the people of the state, and as the plaintiff therein was authorized by law to bring the action for the purpose of preserving the alleged rights of the people, it could only be defeated by showing that the people of the state were not entitled to maintain such action; and the court, in holding that the right of the city and county of San Francisco to recover possession of the land in controversy for the use of the general public was barred by the judgment in *Holladay* v. *City and County of San Francisco*, which is pleaded in bar of this action, in effect decided that the rights of the people of the state were also barred by that judgment.

There is nothing decided in the case of *Branham* v. *Mayor etc. of San José*, 24 Cal. 585, in conflict with the conclusion we have reached on this point. All that was there decided was, that a decree foreclosing a mortgage, and the execution of a sheriff's deed under the decree, transferred to the purchaser the interest which the mortgage created and vested in the mortgagee, and nothing more. In that case the city of San José executed a mortgage upon certain lands, which mortgage was void because of want of power in the city to execute the same

or to alienate the land, and it was held that the subsequent foreclosure of this mortgage, in an action to which the city was a party, gave to the mortgage no additional validity, and that the city was not estopped by the decree of foreclosure from asserting the invalidity of the title attempted to be conveyed by the sheriff's deed thereunder. This was only the assertion of a very familiar rule as to the estate or title upon which a decree of foreclosure operates, but, manifestly, can have no relation to the question we have been considering, which is, whether the state, by authorizing the city and county of San Francisco to sue and defend actions for the purpose of preserving and protecting the rights of the general public in land claimed to have been dedicated as a public square is bound equally with the municipality by the result of such litigation.

4. The judgment in *Holladay* v. *City and County of San Francisco*, and which we hold to be equally binding upon the state as upon the city of San Francisco, was undoubtedly erroneous under the law as declared by this court, subsequently, in the cases of *Sawyer* v. *San Francisco*, 50 Cal. 370, and *Hoadley* v. *San Francisco*, 70 Cal. 324, but its force as an adjudication of the rights of the parties thereto, and those in privity with them, is not affected thereby. (*Carr* v. *Beauregard*, 101 U. S. 688.)

To say that the bar of an estoppel by judgment can be removed by showing that it ought not to have been rendered would be, in effect, to declare that no fact is to be deemed as finally set at rest by a judgment, and that litigation upon the same matter may be interminable. But by the judgment in *Holladay* v. *City and County of San Francisco*, it was determined that the defendants here own an undivided nineteen twentieths of the land in controversy, and the finding of the court below, that all the land in controversy is the private property of the defendants, free and clear from any and all dedication whatever (and we construe the first conclusion of law as a finding of fact), was not justified by that judgment or by the other evidence in the case, and because of this error in the findings the court did not err in granting

plaintiff's motion for a new trial. Although the effect of the judgment in the case just referred to is a bar to the right of the plaintiffs to the relief demanded in this action, they are still entitled to a correct finding as to the extent of the interest owned by defendants in the land in controversy. Upon the evidence disclosed in this record, the finding as to this fact should have been in accordance with the terms of the judgment in *Holladay* v. *City and County of San Francisco,* as above stated.

Order affirmed.

GAROUTTE, J., McFARLAND, J., SHARPSTEIN, J., and BEATTY, C. J., concurred.

Harrison, J., being disqualified, did not participate in the foregoing opinion.