[Sac. No. 961.   Department One.—June 12, 1902.]

## COUNTY OF SIERRA, Appellant, v. CHARLES BUTLER, and HUGH F. WILDER, Respondents.

PUBLIC NUISANCE—DEPOSIT OF DEBRIS UPON HIGHWAY AND PLAZA—ACTION BY COUNTY—INJUNCTION.—A county may sue to enjoin a public nuisance caused by the running of water and débris from a mine upon and over a public highway and plaza, and the depositing thereon of slime and débris, so as to obstruct the free use of the highway and plaza.

ID.—PROVINCE OF ROAD OVERSEER.—The nuisance arising from the deposit of débris from a mine is not such a direct obstruction of the public highway as comes within the province of the road overseer to remove it.

ID.—PEOPLE OF STATE REPRESENTED BY COUNTY—CONCLUSIVENESS OF JUDGMENT.—The county is a body politic, having charge of public highways therein, and is but a department of the state, exercising certain powers belonging to the state, and in the action the county represents the authority of the state, and the rights of the people are put in issue, and the state would be bound by the result of the litigation, if it is not collusive.

ID.—PENALTY NOT RECOVERABLE.—In a suit in equity to enjoin the act of the mine-owner complained of, the penalty of ten dollars per day for each day the obstruction continues cannot be recovered or enforced.

APPEAL from a judgment of the Superior Court of Sierra County. Stanley A. Smith, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney-General, and Frank R. Wehe, District Attorney, for Appellant.

F. D. Soward, for Respondents.

CHIPMAN, C.—The action was commenced by the road commissioner, in the name of Sierra County, to enjoin the running of water and débris from the mine of respondents upon and over a public highway of the county and a public plaza in the town of Downieville, Sierra County. Defendants demurred on the two grounds: 1. That the court had no jurisdiction; and 2. That plaintiff had not legal capacity to sue. The court sustained the demurrer on the second ground, and a judgment of dismissal was entered from which plaintiff appeals. There is no brief filed by respondent.

The complaint shows that defendants were running twenty to thirty inches of water over a bank of loam, thence through a ground-sluice into boxes, thence the water was dumped upon the side of the mountain, from which it ran, highly charged with gravel and sediment, across said highway and plaza, depositing thereon large quantities of mud, gravel, and débris, thus obstructing the free use of both highway and plaza. Damages of twenty dollars are claimed, and also a penalty

of ten dollars for each day the injury continues, and it is alleged that defendants threaten to continue to run water and débris over said highway and plaza. The sufficiency of the complaint is not questioned by the demurrer, which was sustained on the sole ground that the plaintiff could not maintain the action, and this is the only question presented.

It was held in *San Benito County* v. *Whitesides,* 51 Cal. 416, that an action to abate a nuisance caused by the obstruction of a public highway could not be supported in the name of the county; that by section 2746 of the Political Code, as amended in 1873-1874, the action must be in the name of the road overseer. Section 2746 then read as section 2734 now reads. *Bailey* v. *Dale,* 71 Cal. 34, was a similar action, brought, however, in the name of the road overseer, with the added feature of claim for the statutory penalty of ten dollars for every day the nuisance was maintained. The complaint was demurred to on the ground, among others, that the action was improperly brought in the name of the road overseer. On the authority of *San Benito County* v. *Whitesides,* 51 Cal. 416, the action was held properly brought. It was held also that section 2743 did not affect the question. That section (formerly section 2756) provided that "all penalties or forfeitures given in this chapter, and not otherwise provided for, must be recovered by the road overseer or commissioner of the respective road districts by suit *in the name of the county,*" etc. The italicized words were not in the section as originally enacted. It is not stated why this section did not affect the question, but plainly section 2743 relates only to actions not otherwise provided for where the recovery is of penalties and forfeitures given in the chapter, and does not relate to actions to abate a nuisance. *Hall* v. *Kauffman,* 106 Cal. 451, was an action to abate an encroachment on a public highway, and it was held to have been properly brought by the road commissioner (citing the two foregoing cases). The nature or character of the obstruction or encroachment does not appear in the report of any of these cases, nor was the question now here necessarily involved. The obstruction contemplated by sections 2731 to 2735, inclusive, is an obstruction by some physical object, such as a building, fence, or the like placed upon the highway, which, if not removed by the one who placed it there, may at once

be removed by the overseer, for section 2733 directs that "the overseer must forthwith remove the same." The foregoing cases no doubt were all of this class. Subsequent sections relate to obstructions to highways resulting from the diversion of water for private use, seepage, or overflow from ditches (section 2737); falling of trees, accidentally, on the highway from land of a private owner (section 2740). Section 2737 inflicts a penalty, and also punishes the party causing the obstruction, as provided in section 588 of the Penal Code, and provides also that the overseer shall repair the damage at the cost of the person causing it, if the latter fails to make the repairs. Nothing in the section authorizes the overseer to bring an action to abate the nuisance in such a case, but he may "recover the expense . . . in an action at law," for the cost of the repairs.

The sections of the code cited do not seem to provide for a case like the present one, where the cause of the obstruction is remote from the highway, and could not be removed by the overseer under any authority given him by the statute, and where the obstruction could be removed in no other effectual way than by closing down defendant's mining operations. The effective method to reach the injury and prevent its continuance is by bill in equity to enjoin defendants from doing the acts complained of, and this is what the action is designed to accomplish, and was, we think, properly brought in the name of the county.

The county is a body politic whose powers are exercised by the board of supervisors, and among the duties of the board is that of laying out, maintaining, controlling, and managing public highways, and any injury to a public highway is an injury to the county in its corporate capacity. The county has a special interest in the preservation of county roads which authorizes it to resort to such remedial measures as will preserve these highways to the free and unobstructed use of the public. (See *County of Stearns* v. *St. Cloud etc. R. Co.*, 36 Minn. 425.) Full power and jurisdiction over public highways within the limits of a county are given to the county by the Political Code, and the county has the right to sue and be sued (County Government Act, sec. 4), and this includes authority to maintain actions for the preservation of highways placed by law under its control. We can see no

reason why this power does not extend as fully to enable the county to preserve the highways from injury and obstruction, at least where no provision is specifically made by law for such object, as is given to the city and county of San Francisco for the protection of land dedicated for public use as streets and squares; and such power is upheld in *People* v. *Holladay,* 93 Cal. 241;[1] *San Francisco* v. *Buckman,* 111 Cal. 25, and other cases. Certainly the reason for the exercise of the power is equally strong in the one case as in the other. It was held in *People* v. *Holladay* that a municipal corporation is for many purposes but a department of the state, organized for the more convenient administration of certain powers belonging to the state, and exercises part of the sovereignty of the state in its management and control over streets within its limits, and has the same right to maintain an action to prevent the unlawful obstruction of a street as would the people of the state. If it should be said that the action should have been by the authority of the state, through the attorney-general, the answer is, as in *People* v. *Holladay,* that in the action by the county the rights of the people are put in issue, and the state would be bound by the result of the litigation, if not collusive.

It is proper to add, although the point is not raised by the demurrer, but may hereafter arise, that while damages may be recovered as incidental to the principal relief sought, there is no authority for inflicting the penalty of ten dollars for each day the obstruction continues, as claimed in the complaint. The penalty provided for in the sections of the Political Code referred to is a penalty to be enforced as there provided. But as the present action rests upon the general equity powers of the court, and not on these sections, the penalty cannot be recovered in this action.

The judgment should be reversed, with directions to the trial court to overrule the demurrer.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to the trial court to overrule the demurrer.

Harrison, J., Garoutte, J., Van Dyke, J.

[1] 27 Am. St. Rep. 186, and note.