[No. 6,812.—Department Two.]

# E. T. FARMER v. UKIAH WATER CO.

CONSTRUCTION OF DEED — APPURTENANCE — DEFINITION — NOTICE — PURCHASER IN GOOD FAITH.—L. being the owner of a lot of land, and a dwelling-house and other buildings thereon, purchased of the defendant a water-right, and brought the water upon the premises, and used it for domestic purposes and irrigating the land; and afterward conveyed the premises, with the appurtenances belonging thereto, to B., from whom, through mesne conveyances, the plaintiff deraigned title. After the deed to B., L. conveyed the water right to T., who conveyed to the defendant. *Held*, that, under the deed to B. the water-right passed, as appurtenant to the land; and *held*, *further*, that in view of the fact that B.'s deed was recorded, a finding that the defendant took in good faith, and without notice of the plaintiff's claim, could not be sustained.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Twenty-second District Court, County of Mendocino. TEMPLE, J.

*Thos. B. Bond*, for Appellant.

The water was appurtenant to the land, and passed by the deed to Bell.   (Civ. Code, § 1104; *Cave* v. *Crafts,* 53 Cal. 140; *Sparks* v. *Hess,* 15 id. 196–7; *Nicholas* v. *Chamberlain,* Croke, (Jac.) 121; Wash. on Ease. (3rd ed.) 239, 240, 404; *Pyer* v. *Carter,* 1 Hurl. & N. 916; *Cooledge* v. *Hager,* 43 Vt. 9; Angell on Water-courses, §§ 165, 363; Civ. Code, § 662; *Bissell* v. *Grant,* 35 Conn. 288.)

*Gillaspie & Rogers,* for Respondent.

The contract with the corporation was neither an easement nor a covenant real.   It cannot be an easement, for an easement is an interest in land or real estate.   (Wash. on Ease. 4–6; 1 Wash. on R. P. 275; Angell on Water-courses, 244, (7th ed.); 3 Wash. on R. P. 3; *Wagner* v. *Hanna,* 38 Cal. 116–7.)   There was no real estate out of which an easement could arise in this case.

Nor is it a covenant real.   Covenants real are created only in and by a deed conveying land.   (1 Hitt. Code, 6461–2; 2 Sug. Vend. (7th ed.) 157, note; 4 Kent. (7th ed.) 529, note; 2 Wash. on R. P. (3rd ed.) 262; *Allen* v. *Hatton,* 19 Pick. 459.)

SHARPSTEIN, J.:

The record in this case discloses that in 1872 the defendant by deed conveyed so much of the water belonging to it as could be conveyed through a pipe one-half inch in diameter to Lamar, with the right to draw the same from the main pipes, aqueducts, or reservoirs, of the defendant, by means of a pipe not more than one-half inch in diameter, for the purpose of supplying Lamar with water, he having the privilege of tapping with his pipe the defendant's pipe, aqueduct, or reservoir, at such point as he might select.   And said Lamar was expressly granted the privilege of alienating said right.   Lamar owned about four acres of land, with a dwelling-house and other buildings thereon, and he brought the water conveyed to him by the defendant upon said premises, and used it for domestic purposes.   And in order to utilize it, he constructed a tank, cistern, and bath-room in the house, which was supplied with said water. He also used it in irrigating his garden and grounds.   The

water was necessary for the enjoyment and use of the premises in the way that Lamar used them when he transferred them to his grantee. In 1877, Lamar, by deed, conveyed the premises, with the appurtenances belonging thereto, to Bell, from whom, through mesne conveyance, plaintiff deraigns title.

Lamar has since conveyed said water-right to Todd, by virtue of which the defendant claims the right to deprive, and has deprived, the plaintiff of said water.

This action is brought to have the respective rights of the plaintiff and defendant to said water determined, and to have the defendant enjoined from interfering with it.

The Court found that the defendant was entitled to the water, and judgment was entered in its favor. From that judgment, and an order denying the plaintiff's motion for a new trial, this appeal is taken.

The only question which we have to consider is, whether the right to the water which defendant conveyed to Lamar passed by his deed to Bell. If it was appurtenant to the land at the date of that deed, it doubtless passed with the land to Lamar's grantee. The following definition of an appurtenance is contained in § 662 of the Civil Code: "A thing is deemed to be incidental or appurtenant to land, when it is by right used with the land for its benefit; as in the case of a way, or water-course, or of a passage for light, air, or heat, from across the land of another."

In this case the water-course is an artificial one, otherwise there would be no room for doubt as to its falling within the foregoing definition. Water-courses have long been designated by the courts and text-writers as natural and artificial, and when neither is specifically mentioned, it might very reasonably be held that either was meant. That the water in controversy was "by right used with the land for its benefit" is conceded. But it is contended by the respondent that this water-right is neither an easement nor a covenant real, and that, therefore, it did not pass with the premises as appurtenant thereto. "The right of having water flow without diminution or disturbance of any kind" is called an easement by § 801 of the Civil Code. Lamar had acquired the right to have a certain volume of water flow upon his premises, and no one had a right to diminish or disturb

the flow of it.   He had a right to alienate it, and if it was appurtenant to the land which he conveyed, he did alienate it.

Appurtenants may be of a corporeal or incorporeal nature. (*Jackson* v. *Stryker*, 1 Johns. Cas. 284.)

In the case of *Nicholas* v. *Chamberlain*, Cro. James, 121, Croke says: "It was held by all the Court, upon demurrer, that if one erect a house, and build a conduit thereto in another part of his land, and convey water by pipes to the house, and afterward sell the house with the appurtenances, excepting the land, or sell the land to another, reserving to himself the house, the conduit and the pipes pass with the house, *because they are necessary and appurtenant thereto.*"

An appurtenance is that which belongs to another thing, but which has not belonged to it immemorially.   (1 Ventris, 407 ; Coke on Litt, 121 b, and 122 a; Moore, 682.)   "Appurtenant denotes annexed or belonging to; but in law it denotes an annexation which is of convenience merely, and not of necessity, and which may have had its origin at any time, in both of which respects it is distinguished from appendant."   (Abb. Law Dict., title " Appurtenance.")

It is contended on behalf of respondent that this water-right did not pass by Lamar's deed as appurtenant to the land conveyed, because Lamar's grantor did not convey to him any land to which this right was appurtenant.   But Lamar did convey land to which it was appurtenant, and as an appurtenance may be annexed to land at any time, the question whether it was annexed at the time of his purchase or afterward must be quite immaterial.   It is the nature and use of the thing annexed which makes it appurtenant or not, as the case may be.   The Code declares that when a thing is by right used with the land for its benefit it is deemed to be incidental or appurtenant to the land.

The finding of the Court that the defendant acquired its interest to said water-right from Lamar in good faith, and without notice of the claim of the plaintiff, cannot, in view of the fact that Lamar's deed to Bell, from whom plaintiff deraigns title, was recorded nearly two years before the deed under which defendant claims, be sustained.   The defendant's only claim to the water is based upon Lamar's deed to Todd, at the date of which, if the foregoing views are correct, Lamar had nothing to con-

vey. If Lamar's deed to Bell passed the water-right as appurtenant to the premises conveyed—and we do not doubt that it did—it must necessarily follow, we think, that the same right passed to Bell's successors, to whom he conveyed all that Lamar had conveyed to him. And we do not think that the fact of the plaintiff's having acquired his title after the execution of Lamar's deed to Todd is in any way material. The conveyance to plaintiff's immediate grantor was executed and recorded before the date of the conveyance of Lamar to Todd.

This water was by right used with the land for its benefit when Lamar conveyed the land and its appurtenances, and it does seem to us that Lamar conveyed all the right which he had to it, to his grantee, who has a right to insist upon being supplied with all the water that Lamar would be entitled to if he had never conveyed. We think that these views are in harmony with the opinion in *Cave* v. *Crafts*, 53 Cal. 135.

Judgment and order denying a new trial reversed.

THORNTON, J., and MYRICK, J., concurred.