[No. 12952. In Bank. — August 1, 1889.]

## CITY AND COUNTY OF SAN FRANCISCO, APPELLANT, *v.* ANDREW J. ITSELL ET AL., RESPONDENTS.

PUBLIC SQUARES IN SAN FRANCISCO — POWER OF CITY AUTHORITIES TO DISPOSE OF THEM. — The city of San Francisco holds its public squares in trust for the public, and the municipal authorities have no authority to dispose of them by way of compromise or otherwise.

ID. — POWER OF THE LEGISLATURE TO RATIFY SUCH COMPROMISE. — The legislature has no power to ratify an ordinance of the municipal authorities disposing of land granted to the city to be held in trust for the public.

JUDGMENT — BAR. — A judgment in favor of the predecessor of the defendant and against the city, in an action involving the same issues, adjudging that the city had no title to a portion of the square in controversy, is conclusive against the city and in favor of the defendant.

VERIFICATION OF ANSWER IN SUIT BY THE CITY. — The defendants in an action brought by the city are not required to verify their answers if the complaint was not verified.

ID. — OBJECTION FOR WANT OF VERIFICATION. — If a plaintiff goes to trial without objection for the want of a verification of the answer, he cannot raise the question after a decision is rendered against him.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Flournoy & Mhoon,* and *George Flournoy, Jr.,* for Appellant.

*Jarboe, Harrison & Goodfellow, William & George Leviston, Thomas D. Riorden, George A. Knight, P. F. Dunne, Stanly, Stoney & Hayes, H. C. Campbell, H. A. Powell, A. H. Loughborough, Tobin & Tobin,* and *Thomas F. Barry,* for Respondents.

HAYNE, C.—This was an action of ejectment brought by the city against numerous defendants for a tract of land known as Hamilton Square. As to a number of the defendants, it was found that they "are not, and were not at the commencement of this action, in the occupation or possession of the premises described in the complaint, or any part thereof." No question is made as to the correctness of the judgment in favor of these defendants. Judgment passed in favor of the other defendants, upon two grounds, which are set forth in the findings. The plaintiff does not bring up any of the evidence, but contends that the judgment should be reversed upon the findings.

1. In July, 1869, a compromise was agreed upon between the city and one Edward Tompkins, who claimed a tract including the premises in controversy. By this compromise the officers of the city, under an ordinance of the board of supervisors, executed to Tompkins a conveyance of the premises in controversy, and in consideration thereof Tompkins conveyed to the city the other portion of the tract claimed by him. The ordinance and deeds were subsequently ratified by act of the legislature. The defendants claim through Tompkins.

We think that this defense cannot be sustained. The city held the square in trust for the public, and had no power to dispose of it by way of compromise or in any other manner; nor could the legislature ratify such a

disposition of the trust property. In *Hoadley* v. *San Francisco*, 50 Cal. 275, the court said with reference to this same square: "The title was granted to the city in trust for public use, and the city had no authority by virtue either of the statute of March 11, 1858, or of the act of Congress of July 1, 1864, to alienate or in any manner dispose of it, but only to hold it for the purposes expressed in the statute. It was granted to the city for public use, and is held for that purpose only. It cannot be conveyed to private persons, and is effectually withdrawn from commerce; and the city having no authority to convey the title, private persons are virtually precluded from acquiring it." This case was approved and followed in *Sawyer* v. *San Francisco,* 50 Cal. 375, and in *Hoadley* v. *San Francisco*, 70 Cal. 324, which was affirmed by the supreme court of the United States upon writ of error. (124 U. S. 646.) The rule, therefore, that the city holds property like this in trust, and cannot convey it, must be considered as settled.

2. The defendants, however, pleaded and proved a judgment brought by their predecessor in interest against the city, and rely upon such judgment as a bar to the action. And this position must be sustained. It appears that Tompkins conveyed to one Edward F. Palmer, and it is found that on September 11, 1869, Palmer commenced an action against the city in the late fifteenth district court to quiet his title; that the city appeared and contested said action, and that the issue was, whether Palmer or the city had the title; that this issue was determined in favor of Palmer; and that judgment was thereupon entered, by which it was "ordered, adjudged, and decreed that the plaintiff, Edward F. Palmer, was at the commencement of said action, and still was, the lawful owner in fee-simple absolute of the premises described in the complaint therein, and that the said defendant, the city and county of San Francisco, had not any estate, right, title, or interest therein; and that

said defendant, the city and county of San Francisco, be, and by said judgment was, forever thereafter enjoined, restrained, and debarred from asserting or claiming any estate, right, title, or interest in said premises, or any part thereof." It does not appear whether any appeal was taken from this judgment, but it is found that it "still remains in full force and effect, not reversed or otherwise vacated," and that the city "has no other or different title or claim of title to the premises in controversy than it had at the time of the commencement of said action of Edward F. Palmer." The defendants are successors in interest of Palmer.

Upon these findings we think it clear that the Palmer judgment is a bar to the action.

This precise question was decided in *San Francisco* v. *Holladay,* 76 Cal. 18, and that decision is conclusive of this branch of the case.

3. It is argued for the appellant, however, that the answers of the defendants herein were required to be verified, and not having been so, should be disregarded. But, in the first place, the answers were not required to be verified. The only statute to which counsel for the city refer in support of their position is section 446 of the Code of Civil Procedure, which provides, among other things, that the answer must be verified "when the complaint is verified, or when the state, or any officer of the state, in his official capacity, is plaintiff." The complaint was not verified, and the city is not the state or an officer thereof. The case of *Stockton* v. *Dahl,* 66 Cal. 378, is not in point. In that case there was a statute which expressly required the answer to be verified.

In the second place, it appears from the findings that the case "was tried upon the issues raised by the complaint and the answers of the defendants" (specifying them). And the plaintiff cannot go to trial without objection for the want of a verification, and raise the point for the first time after the decision has gone against

him.   (See *Arrington* v. *Tupper*, 10 Cal. 465; *McCullough*
v. *Clark*, 41 Cal. 302.)

We therefore advise that the judgment be affirmed.

Foote, C., and Gibson, C., concurred.

The Court.—For the reasons given in the foregoing
opinion, the judgment is affirmed.

Thornton, J., took no part in the decision of the above
cause.