[S. F. No. 7680.    Department Two.—February 15, 1918.]

## GRACE HUDSON, Respondent, v. UKIAH WATER & IMPROVEMENT COMPANY (a Corporation), Appellant.

Waters and Water Rights—Action to Establish Rights of Successor in Interest Under Decree—Enlargement not Authorized.— Where a decree upward of thirty-eight years old established the right of the plaintiff against the defendant, a water corporation, to take through a one-half inch pipe, water from the defendant's pipes and aqueducts, but limited its use to certain lands to which the water was made appurtenant, and to certain purposes to which the water might be applied, a judgment in an action by the successor of the plaintiff in the old decree against the successor of the defendant in such decree, to declare and establish the right of the plaintiff in the instant action, as such successor, which judgment gives the plaintiff the right to take from the waters of the defendant corpo-

ration, all the water that may flow through a pipe of the same size as permitted by the old decree, without limitation or restriction as to the lands on which, or the purposes for which, it is to be used, and without regard to the fact that by reason of the defendant having largely developed and increased its water supply and pressure, and decreased the friction, by enlarging its pipes, the plaintiff's one-half inch pipe will give it a much larger quantity of water than contemplated by the old decree, is erroneous, and must necessarily be reversed, without the necessity for deciding many other questions raised, since the judgment in the instant action is obviously an enlargement of the plaintiff's water right under the old decree.

ID.—LIMITATION ON PRIVATE RIGHT AS AGAINST RIGHT OF PUBLIC SERVICE.—Where in such case the defendant is a corporation supplying water as a public service to the inhabitants of a city, the private right of the plaintiff must be to the quantity of water which has been actually taken and applied to a beneficial use on the land to which such private right was appurtenant.

ID.—EFFECT OF JUDGMENT—JUDGMENT THOUGH ERRONEOUS BINDING ON PARTIES.—A judgment though erroneous in law is binding on the parties and their successors so that the defendant in the old decree in such case, although such defendant is performing a public service, is barred from claiming that the right confirmed to the plaintiff, in such old decree, is violative of the law against creating preferential rights in water appropriated to public use.

ID.—PRESCRIPTIVE RIGHT—NOT MAINTAINABLE AGAINST PUBLIC USE.—So far as any enlarged right may be claimed under such a decree, arising by prescription or implied grant, no such right can be thus created against waters appropriated or acquired by the defendant for public use.

APPEAL from a judgment of the Superior Court of Mendocino County.   J. Q. White, Judge.

The facts are stated in the opinion of the court.

Robert Duncan, for Appellant.

Preston & Preston, for Respondent.

WILBUR, J.—Defendant appeals from the judgment establishing plaintiff's water right.

The water right in question was before this court in *Farmer* v. *Ukiah Water Company,* 56 Cal. 11.   Plaintiff claims as the successor to the plaintiff in that case by mesne conveyances of the land owned by Farmer, and seeks to bind the defend-

ant as the successor of the defendant corporation, the Ukiah
Water Company. Assuming, without deciding, that the par-
ties hereto are bound by the decree in the case of *Farmer* v.
*Ukiah Water Company,* the judgment must, nevertheless, be
reversed for the reason that the water right described therein
is entirely different from the water right confirmed in the
decree in *Farmer* v. *Ukiah Water Company.* To make this
apparent, it will be necessary to state some of the facts and
to compare the provisions of the decree in the former case
and in this case. At the time of the rendition of the decision
in *Farmer* v. *Ukiah Water Company, supra,* the defendant
corporation therein was appropriating a portion of the water
of Gibson Creek by means of a dam, diverting the water into
its reservoir, and conducting the same therefrom in a two-
inch pipe, to which plaintiff's predecessors attached a half-
inch pipe, and it was to this water of Gibson Creek so di-
verted that the decree declared plaintiff's right. That decree
was entered on retrial after reversal, and described the water
right of plaintiff therein with reference to the amount of
water that would flow through a half-inch pipe, as does the
decree in this case. That amount varies with supply, pres-
sure, and friction. Since the decree in *Farmer* v. *Ukiah
Water Company,* the defendant has increased the supply by
diverting *all* the water of Gibson Creek, by diverting water
from Orr Creek, and by pumping water from wells on Russian
River. It has increased the pressure by diverting the water
a mile higher up Gibson Creek and constructing reservoirs
at a higher elevation, and it has decreased the friction in
the pipes by increasing to six inches the diameter of the pipe
to which plaintiff's one-half inch pipe is attached. It is evi-
dent that the plaintiff will receive a vastly greater quantity
of water through a half-inch pipe under the circumstances
stated than under the system as established at the time her
right was granted to her predecessor. But the decree also
confirms in plaintiff a right for all future time to use the
pipes and water of the defendant corporation. If it erects
new reservoirs at greater elevation and establishes larger
pipe-lines, the plaintiff under this decree would be entitled
to the increased flow in her one-half inch pipe due to such
increased supply, for the decree herein provides that "plain-
tiff is the owner of so much of the water of the defendant
corporation as may now or hereafter at any time flow in or

through their aqueducts, reservoirs, or pipes, as may or can be conveyed in, through, or by a pipe or aqueduct one-half inch in diameter.  Also all the right to draw such supply of water from the main pipes, aqueducts, or reservoirs of the said defendant corporation.''  Thus, it will be observed, the decree secures to plaintiff and her successors an undivided interest not only in all waters now owned by the defendant, or passing through its pipes, but all water that may from any source subsequently be diverted into said pipes, and this without regard to the  question as to  whether or not the waters of Gibson Creek have become exhausted for any reason.   In the former decree there were also limitations upon the amount of water plaintiff's predecessors were entitled to receive through their half-inch pipe, which are entirely ignored in the decree in this case.   The right to irrigate was restricted ''to water that may be used in sprinkling by means of a hose,'' etc., and it was therein provided ''that *nothing herein contained shall authorize the plaintiff to use said right and privilege for purposes of speculation,*'' probably meaning that plaintiff was not allowed to sell water for use by others. But, for an even more obvious enlargement of the plaintiff's water right, it is necessary that the judgment be reversed. The water right which plaintiff claims by mesne conveyances of land as aforesaid is appurtenant to a piece of land about four acres in extent, known as the Fox property.   Since the acquisition of that land she has also acquired an adjoining piece of property, known as the Bennett property.   By the terms of this decree, perhaps by an inadvertence, the water is made appurtenant to both properties.   This enlargement of the right is particularly important because of the above-mentioned limitations imposed in the decree in *Farmer* v. *Ukiah Water Co.* upon the right to irrigate, etc., even upon the Fox property.   Plaintiff claims her right under LaMar, one of three partners who originally formed the copartnership known as the Ukiah Water Company, succeeded by the Ukiah Water Company, a public service corporation, defendant in *Farmer* v. *Ukiah Water Company.*   The defendant in the case at bar is a public service corporation in charge of a public utility, organized since the constitution of 1879, and supplying the inhabitants of the city of Ukiah with water purchased or appropriated by it since its organization. Where the plaintiff seeks to establish her private right to

water as against the right of the public served by the defendant, her right would be measured not by the amount of water which LaMar claimed, nor by the amount which would flow through a half-inch pipe, but by the amount which had been actually taken and applied to a beneficial use upon that land. The "right to priority in the use of water would also be measured according to these facts and limited to this quantity." (*Leavitt* v. *Lassen Irr. Co.*, 157 Cal. 82, 86, [29 L. R. A. (N. S.) 213, 106 Pac. 404].) It is because the water was used with the land for its benefit that it was held to be appurtenant to the land in question. (*Farmer* v. *Ukiah Water Co.*, 56 Cal. 11.) There should be no difficulty upon a new trial in fixing the quantity of water to which plaintiff is entitled, if any, in terms of gallons per month, based upon the amount that was used upon the Fox property during the time that the Ukiah Water Company, a corporation, defendant in said Farmer case was furnishing such water (1872–1895).

Appellant claims that the conveyance, if any, to the plaintiff or her predecessors gives her such a preferential right in waters devoted to public use as is void under the law, citing such cases as *Leavitt* v. *Lassen Irr. Co., supra; People* v. *Kerber*, 152 Cal. 732, [125 Am. St. Rep. 93, 93 Pac. 878] ; *City of South Pasadena* v. *Pasadena Water Co.*, 152 Cal. 579, [93 Pac. 490] ; *Byington* v. *Sacramento Valley etc. Co.*, 170 Cal. 124, [148 Pac. 791], arising under article XI, section 19, of the constitution, and *Price* v. *Riverside Land & Irr. Co.*, 56 Cal. 432, under the law and the constitution previous to the constitution of 1879. But this principle does not apply in this case except with reference to the statute of limitations, which will be hereafter discussed, for, as was held in *San Francisco* v. *Itsell*, 80 Cal. 57, [22 Pac. 74], even though there is no power in the first instance to make such conveyance, a judgment establishing a private right, although erroneous in law, is nevertheless binding upon the company and its successors, so that in so far as the defendant here is bound by the decree in *Farmer* v. *Ukiah Water Co.*, it is, to that extent, barred from claiming that the right therein confirmed is violative of the law against creating preferential rights in water appropriated to public use.

The findings and decree herein are based in part upon a prescriptive right in the plaintiff. Whether during the forty-

two years that plaintiff and her predecessors have used water from the pipes of the Ukiah Water Company (1872–95) and of the defendant (1895–1914) the use has been enlarged does not appear from the findings or decree, but the evidence would seem to indicate that the use had been about the same. If this question arises upon a new trial, it is sufficient to say that in so far as any right to water is claimed by the plaintiff by reason of prescription or implied grant, no such right can thus be created against the waters appropriated or acquired for public use by the defendant.   (*Leavitt* v. *Lassen Irr. Co., supra; People* v. *Kerber, supra; Holliday* v. *San Francisco,* 124 Cal. 352, [57 Pac. 146]; *County of Yolo* v. *Barney,* 79 Cal. 375, [12 Am. St. Rep. 152, 21 Pac. 833].)

Appellant makes the point that the Ukiah Water Company could not and did not transfer all its properties to the defendant company.   On a new trial other and different evidence as to the relation of the defendant to the Ukiah Water Company, a corporation, and the properties, may be presented, so that we deem it unnecessary to discuss this question, as the general question has been discussed in recent cases by this court, as well as those cited by counsel.   (*Byington* v. *Sacramento Valley etc. Co., supra; Southern Pacific Co.* v. *Spring Valley Water Works,* 173 Cal. 291, [L. R. A. 1917E, 680, 150 Pac. 865]; *Limoneira Co.* v. *Railroad Commission of California,* 174 Cal. 232, [162 Pac. 1033].)

The complaint states a cause of action.

Judgment reversed.

Melvin, J., and Victor E. Shaw, J., *pro tem.,* concurred.

Hearing in Bank denied.