[Civ. No. 4000. First Appellate District, Division One.—December 19, 1921.]

GRACE HUDSON, Respondent, v. UKIAH WATER & IMPROVEMENT COMPANY (a Corporation), Appellant.

[1] WATERS AND WATER RIGHTS—ACQUISITION OF PROPERTY OF COMPETITOR—EVIDENCE—FINDING—BURDEN OF EXISTING EASEMENTS.— In this action, from the evidence showing that certain stockholders of the defendant water company acquired all the capital stock of its competitor, that one of them, who was also the president of the defendant corporation, received a conveyance from certain persons who purported to act as the agents of such competitor of its property and franchises, and that thereafter such stockholders permitted the defendant corporation to take possession of such property and franchises, the trial court was justified in finding that the defendant corporation acquired the property and franchises of its competitor; and the defendant corporation, in thus voluntarily taking possession of the property and franchises of its competitor, took them burdened with the easement of the water rights fastened thereto at the time of such acquisition, so long as it continued to enjoy the water supply of its former competitor, notwithstanding it abandoned the greater part of the latter's reservoirs, main, and pipes.

[2] ID.—PREFERENTIAL RIGHTS — ERRONEOUS JUDGMENT — COLLATERAL ATTACK.—Where a superior court has jurisdiction of the parties and of the subject matter of an action involving the right to certain water, and there is no irregularity or departure in the

pursuit of that jurisdiction, its judgment—although it may be erroneous in law, in that it establishes a preferential right in waters appropriated to public use—is not void, and, being merely erroneous, is not subject to collateral attack.

[3] ID.—ALLOWANCE OF WATER FOR DOMESTIC USE—DEFINITENESS OF DECREE.—Where a decree, after specifying the amount of water in gallons to which the plaintiff is entitled for irrigation purposes, provides that she shall be entitled to take "in addition thereto a sufficient quantity for domestic use in and about the dwelling-house and other buildings on the premises," the quantity of water allowed for the latter purpose is made sufficiently definite and certain by the extremely limited use to which it may be applied.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge. Reversed.

The facts are stated in the opinion of the court.

Robert Duncan for Appellant.

M. H. Iversen and Hale McCowen, Jr., for Respondent.

KERRIGAN, J.—This action was brought to enjoin the defendant from interfering with an easement in the nature of a right to take water from the water-mains of the defendant by attaching thereto a half-inch pipe and conducting it to the real property described in the complaint, consisting of two separate lots of land.

There are two counts in the complaint, the first of which describes said water right as being appurtenant to said two lots of land, and the second of which describes it as real property belonging to the plaintiff in which the defendant claims an adverse right asserted to be unjust and without right.

The judgment of the court awarded to plaintiff and declared to be appurtenant to said two lots of land "so much of the water of the defendant corporation as may now or hereafter at any time flow in or through their aqueducts, reservoirs or pipes as may or can be conveyed in, through or by a pipe or aqueduct one-half inch in diameter in the amount of seven thousand five hundred gallons per day of twenty-four hours from the 1st day of May to the 1st day of November of each year, and in addition thereto a

sufficient quantity for domestic use in and about the dwelling house and other buildings on the premises set forth in paragraph IV of the findings herein,'' with the right to attach such a pipe to its mains. The premises described in said paragraph IV consisted of one of the lots to which said water right was declared to be appurtenant, and is referred to in the proceedings as the Lamar or Fox property, the other of said lots being known as the Bennett property. The judgment also enjoined the defendant from interfering with plaintiff's enjoyment of said water right.

Defendant appeals from the judgment.

The facts of the case, which are practically undisputed— the controversy between the parties being as to the legal consequences of those facts and the admissibility of the evidence admitted in proof of them—may be summarized as follows: On and prior to October 2, 1871, George W. Gibson, Richard Harrison, and J. B. Lamar were copartners doing business under the name of Ukiah Water Company. They owned and operated a small water system at and near Ukiah, California, taking their water from Gibson Creek at a point about one mile west of the city. On said date the copartnership, in consideration of the payment of five hundred dollars, sold and conveyed to J. B. Lamar, one of said copartners, so much of their water as could be conveyed in a half-inch pipe, with the right to attach to their water-mains a pipe of the size designated, the instrument of conveyance giving to Lamar the right "to use said water herein granted for any and all purposes for which the party of the second part may desire, provided, however, that the right to use said water for purposes of irrigation shall be and is hereby limited and restricted to water that may be used for sprinkling by means of a hose, or collected in tank or reservoir, and provided also the said party shall be and he is hereby restricted in the use of such water to the place of residence and shall not use it for purposes of speculation.'' Lamar at this time was the owner of the lot of land, consisting of about four acres, hereinbefore referred to as the Lamar or Fox property, and resided thereon. He attached to the mains of his grantors a half-inch pipe and conducted water to said lot and used it thereon.

In January, 1872, the business and property of the copartnership were transferred to a corporation named Ukiah

Water Company, organized by the members of such copartnership for the purpose of supplying the inhabitants of Ukiah and its vicinity with water for domestic purposes and irrigation; and this corporation in July of that year conveyed to Lamar a water right in the same terms as Lamar's previous conveyance from the copartnership, the only difference being that by this latter conveyance the use of the water was not restricted to his place of residence. This instrument recited that it was made in consideration of the payment of five hundred dollars, but we think it evident that it was made merely in confirmation of the water right already conveyed to Lamar and for the purpose of removing the restriction as to the place of use of the water.

In 1879 one E. T. Farmer had succeeded to the ownership of the Lamar lot with its appurtenances, and in virtue thereof claimed this water right as an appurtenance to said lot. His right was disputed by the Ukiah Water Company, and Farmer brought suit against it for an injunction to prevent interference with the water right so claimed, and in his verified complaint in said action set up the foregoing facts. The defendant answered but in said answer made no denial of said allegations, contenting itself with denying that the plaintiff was the owner of the water right, and claimed that it had itself acquired such right by purchase in good faith and for a valuable consideration. A trial was had and the defendant obtained judgment, but upon appeal the judgment was reversed and the cause remanded for a new trial. Thereupon the defendant through its attorneys stipulated that the plaintiff might take judgment as prayed in his complaint, and on December 6, 1880, such judgment was accordingly entered, in which Farmer was declared to be the owner of said water right, describing it in the terms of the second of the above-mentioned conveyances, and perpetually enjoining the defendant in that action from interfering therewith.

Thereafter, on July 15, 1892, the defendant in the present action—the Ukiah Water and Improvement Company—was organized under the laws of this state for the purpose of supplying water for domestic purposes and for irrigation to the inhabitants of Ukiah and vicinity. It established its water system, laid its mains, and for several years conducted its business in competition with the Ukiah Water

Company.  In or about December, 1895, certain stockholders
of the defendant acquired the whole of the capital stock of
the Ukiah Water Company, and one of them, J. H. Brush
(who was at that time the president of this defendant), re-
ceived a conveyance from J. A. Cooper and J. F. Rede-
meyer, purporting to act as the agents of the Ukiah Water
Company, of certain land and also ''all Ukiah Water Works
and all pipes, rights of way, easements, franchises, reser-
voirs and personal property of every kind and nature
pertaining thereto.''  These stockholders, being thus the
equitable though not the legal owners of the Ukiah Water
Company's property, and being in complete control of that
corporation, permitted the defendant in this action to take
possession of its property and franchises.  The defendant,
who theretofore had procured part of its water supply
from Gibson Creek—the sole source of supply of the Ukiah
Water Company—now took the whole of the water of that
stream.  It, however, constituted but a small if not insig-
nificant part of the defendant's source of supply; and hav-
ing already a system of reservoirs and mains of greater
capacity than those of its now moribund rival, it set its
workmen to the task of removing from the streets the lat-
ter's mains and pipes.  These were in a dilapidated and
worn-out condition and a small part only capable of fur-
ther use, and were availed of only to an insignificant extent.
The supply pipe of the plaintiff's predecessor was now at-
tached to the system of the defendant, who for a period of
twenty years permitted said attachment to remain with
only spasmodic and feeble objections, and without col-
lecting, though occasionally demanding, compensation for
the water thus supplied to the plaintiff and her predecessors.
In the year 1913 the plaintiff, who at that time had become
the owner of the Lamar lot and was also the owner of a lot
adjoining known as the Bennett property, extended her
supply pipe from the Lamar to the Bennett lot and used
on the latter the water conducted thereby.  In June 1914,
the defendant, denying the validity of the plaintiff's claim
to receive water from its system without payment therefor,
cut off her supply, such action resulting in the bringing of
the present suit.  The suit came to trial, resulting in a
judgment in favor of the plaintiff, which, however, upon

appeal was reversed by the supreme court (*Hudson* v. *Ukiah Water & Imp. Co.,* 177 Cal. 498 [171 Pac. 93]).

[1] One of the main contentions of the appellant, and which goes to the root of the controversy between the parties, is that the finding of the trial court that the defendant acquired the property and franchises of the Ukiah Water Company is not supported by the evidence. It is true that the facts and circumstances above set forth show no transfer of the legal title in said company's property and franchises to the defendant; but, in our opinion, they are amply sufficient to show that under color of the equitable ownership by certain of its own stockholders of the entire capital stock of the Ukiah Water Company, and of the conveyance to one of them (he being also the president of the defendant) of the waterworks and franchises of that concern, it took possession of them and proceeded to act with regard to them. as if it had acquired the full legal title thereto. In doing so it could only take what that company owned; and in thus voluntarily entering into the possession of the franchises, waterworks, and mains of the Ukiah Water Company it took them burdened with the easement of the water right of the plaintiff's predecessor. That it abandoned the greater part of the reservoirs, mains and pipes of its old rival would not affect the plaintiff's right, since the defendant took possession and continued to enjoy the water supply of the old company. So long as it takes water from Gibson Creek by virtue of the rights acquired, however irregularly, from the Ukiah Water Company and turns it into its mains, this water so running in its mains is burdened with the servitude fastened upon it at the time of such acquisition.

It is next urged by the appellant that the conveyances to J. B. Lamar first by the copartnership and then by the Ukiah Water Company, and also the judgment in the suit of Farmer against that company (56 Cal. 11), are void for the alleged reason that they purported to convey or to establish a preferential right to the use of water appropriated to public use.

There are several reasons why we think this contention unsound: for example, the rights of the plaintiff were initiated prior to the adoption of the constitution of 1879, declaring the appropriation of water for purposes of

sale and distribution to be a public use; the plaintiff is one of the class having the right to be supplied with water by the defendant; she has no preference in the matter of quantity, and any deficiency in the supply pipes of the defendant would affect her supply in the same manner as it would that of all other consumers; and in the matter of payment, there is nothing in the record to show that the advance payment of five hundred dollars is contrary to any rule as to rates of compensation established by any public governing body; and as to the adequacy of such compensation, this sum would produce at the legal rate of interest thirty-five dollars annually—approximately three dollars a month—a not inconsiderable water rate to be paid by the inhabitants of a small community. We are relieved, however, from the necessity of determining this point, for the reason that this same contention was presented in the former appeal (*Hudson* v. *Ukiah Water & Imp. Co.*, *supra*), and we may appropriately quote from the decision of the supreme court in disposing of it. It was there said: "Appellant claims that the conveyance, if any, to the plaintiff or her predecessors gives her such a preferential right in waters devoted to public use as is void under the law, citing such cases as *Leavitt* v. *Lassen Irr. Co.*, *supra; People* v. *Kerber,* 152 Cal. 732 [125 Am. St. Rep. 93, 93 Pac. 878], *City of South Pasadena* v. *Pasadena Water Co.*, 152 Cal. 579 [93 Pac. 490], *Byington* v. *Sacramento Valley etc. Co.*, 170 Cal. 124 [148 Pac. 791], arising under article XI, section 19, of the constitution, and *Price* v. *Riverside Land & Irr. Co.*, 56 Cal. 432, under the law and the constitution previous to the constitution of 1879. But this principle does not apply in this case except with reference to the statute of limitations, which will be hereafter discussed, for, as was held in *San Francisco* v. *Itsell,* 80 Cal. 57 [22 Pac. 74], even though there is no power in the first instance to make such conveyance, a judgment establishing a private right, although erroneous in law, is nevertheless binding upon the company and its successors, so that in so far as the defendant here is bound by the decree in *Farmer* v. *Ukiah Water Co.,* it is to that extent barred from claiming that the right therein confirmed is violative of the law against creating preferential rights in water appropriated to public use."

If we are correct in our conclusion that the defendant in so far as the water right under consideration is concerned is to be considered the legal successor in interest of the Ukiah Water Company, the rule thus laid down by the supreme court must be regarded as the law of the case, which the trial court was bound to follow and apply.

[2] It is urged by the appellant that the judgment in the case of *Farmer* v. *Ukiah Water Co.* was not only erroneous but void. The only ground upon which this contention is based is the alleged preferential character of the water right decreed by it.

The court had jurisdiction of the parties and of the subject matter, and the judgment-roll (which is included in the bill of exceptions) discloses no irregularity or departure in the pursuit of that jurisdiction. It was therefore not void, and if merely erroneous it is not subject to this collateral attack. (*Hudson* v. *Ukiah Water & Imp. Co., supra.*)

The admission in evidence of the judgment-roll in the case of *Farmer* v. *Ukiah Water Co.* was objected to as incompetent, immaterial, irrelevant, and hearsay, and the overruling of these objections by the trial court is among the assignments of error urged here.

The defendant being, as we have seen, bound by it, neither the adjudication itself nor the undenied allegations of the complaint therein were hearsay. The latter were admissions against interest of the defendant's predecessor, privy in estate, and therefore admissible in evidence against it. (Jones on Evidence, secs. 272, 273.)

This case upon the former appeal was reversed, and in its opinion the court held that the plaintiff's water right was one appurtenant to the Fox property and did not extend to the Bennett lot; that the quantity of water that might be taken by the plaintiff's half-inch pipe was controlled by the conditions existing in the water system at the time of the grant of the right to the plaintiff's predecessor, by the source from which the water was obtained prior to the acquisition by the defendant of the water system of the Ukiah Water Company, namely, Gibson Creek, and also, as to the quantity to be used for irrigation, was restricted to "water that may be used in sprinkling by means of a hose" and which had been taken and applied to a beneficial use upon the land to which the right was appurtenant during the

time when the Ukiah Water Company was furnishing the water; and, finally, that the plaintiff's right could not be extended by prescription.

The trial court in its present judgment seems not to have taken into account these limitations. It has extended the water right to the Bennett lot, apparently by the application of the statute of limitations; it has fixed a maximum amount that may be taken for irrigation which, according to the finding upon that subject, is based upon water used on both lots; nor has it restricted the plaintiff's right by the other conditions above enumerated. For these reasons the judgment is erroneous and must be reversed.

[3]   The judgment decrees the plaintiff to be entitled to take from the water system of the defendant seven thousand five hundred gallons per day from the first day of May to the first day of November of each year, "and in addition thereto a sufficient quantity for domestic use in and about the dwelling-house and other buildings on the premises," etc.; and it is urged by the appellant that as to this provision for water for domestic use the judgment is too indefinite.

We think the point not well taken. The main burden upon defendant is the water that may be taken for irrigation, the amount of which is limited specifically. In addition water "for domestic use in and about the dwelling-house and other buildings" may be taken. While the specific amount of water for this second purpose is not fixed in gallons, it is, we think, made sufficiently definite by the extremely limited use to which it may be applied.

For the reasons given the judgment is reversed.

Tyler, P. J., and Knight, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 18, 1923, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 16, 1922, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing of this cause in this court is denied.

For the purpose of a new trial we think it is necessary to say in addition to what is said by the district court of

appeal that, if upon such new trial the court shall find for the plaintiff, it would be necessary to determine also the amount of water to which the plaintiff is entitled, as was done in the judgment reversed by the district court of appeal with respect to the water used for irrigation. With respect "to the sufficient quantity for domestic use in and about the dwelling-house and other buildings on the premises" the judgment heretofore rendered was uncertain. The court should have ascertained and found the quantity of water that would be sufficient for that purpose in the particular case and stated that amount in the judgment as the maximum to which the plaintiff was entitled for that purpose, and upon any new judgment therefor it should be so stated.

Shaw, C. J., Richards, J., *pro tem.*, Shurtleff, J., Wilbur, J., Lawlor, J., Waste, J., and Sloane, J., concurred.