(February 19, 1927.)

THOMAS L. ROWLAND, Respondent, v. KELLOGG POWER & WATER COMPANY, a Corporation, Appellant.

[253 Pac. 840.]

WATER RIGHTS—CLAIM OF WATER RIGHT AS AGAINST PUBLIC UTILITY—BURDEN OF PROOF—CONSTITUTION AND STATUTE.

1. One claiming water right against public utility, supplying water for domestic purposes, by reason of certain deeds of conveyance and adverse possession has burden of establishing his right.

2. Private ownership of water, devoted to domestic use of inhabitants of city, may not be acquired by adverse use, since, under C. S., sec. 2427, furnishing of water without paying uniform rate, authorized by Const., art. 15, secs. 1, 2, is positively prohibited.

Publisher's Note.
See Waters, 40 Cyc., p. 695, n. 39 New, p. 733, n. 22.

APPEAL from the District Court of the Fifth Judicial District, for Shoshone County. Hon. Albert H. Featherstone, Judge.

Action to quiet title and to restrain the cutting off of water service. Decree for plaintiff. *Modified.*

James F. Ailshie and Lester S. Harrison, for Appellant.

The right of an "inhabitant" of a city or other municipality to the "use" of water from a public utility water system is a mere incorporeal contingent personal right, dependent upon the payment of the rates established therefor and complying with the reasonable regulations made by the company, and cannot be acquired under the law of adverse possession. (Const., art. 15, sec. 3.)

After public waters have been appropriated and diverted in the manner prescribed by the constitution they become private property. (1 Wiel on Water Rights, p. 24; *Wilterding v. Green*, 4 Ida. 773, 45 Pac. 134; *King v. Chamberlin*, 20 Ida. 504, 118 Pac. 1099; *Public Utilities Com. v. Natatorium Co.*, 36 Ida. 287, 211 Pac. 533.)

Free water service by a public service water company is prohibited and all preferential and discriminatory rates are likewise prohibited. (Const., art. 15, secs. 1, 2 and 6; C. S., secs. 3111, 3112 and 3134; *Pocatello v. Murray*, 21 Ida. 180, 120 Pac. 812; *Sandpoint etc. Co. v. City of Sandpoint*, 31 Ida. 498, 173 Pac. 972, L. R. A. 1918F, 1106; *City of Billings v. Public Service Com.*, 67 Mont. 29, 214 Pac. 608; *Union Dry Goods Co. v. Georgia Pub. Service Corp.*, 248 U. S. 372, 9 A. L. R. 1420, 39 Sup. Ct. 117, 63 L. ed. 309; *Law v. Railroad Commission of Cal.*, 184 Cal. 737, 14 A. L. R. 249, and note at p. 252, 195 Pac. 423; *Raymond Lumber Co. v. Raymond Light & P. Co.*, 92 Wash. 330, 159 Pac. 133, L. R. A. 1917C, 574.)

James A. Wayne, for Respondent.

A right to the use of water may be acquired by prescription, and become appurtenant to the land; in which case it

may be transferred by deed conveying such land and the appurtenances. (*Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19.)

WM. E. LEE, C. J.—Respondent alleged that he was owner of Lot 13 in Block 20 of the city of Wardner, "together with *certain water right* acquired from the Kellogg Power & Water Company, the defendant herein," by reason of certain deeds of conveyance and adverse possession. His title to the lot was admitted, but it was denied that he was the owner of the alleged water right. After trial, the court made and entered a decree quieting title to the land and permanently restraining appellant from cutting off or interfering in any manner with respondent's "water right and water supply." From this decree this appeal is prosecuted.

For some twenty-five years appellant has been engaged, as a public utility, in supplying the inhabitants of Wardner and Kellogg with water for domestic purposes. This service has been accomplished by taking all the waters of Slaughter House Gulch (and another stream) and supplying it, by means of pipes laid underground, to the inhabitants of the two cities. For more than five years prior to the institution of the action respondent was rendered the service furnished the other users of the system, but had neither been required to nor had made payment therefor.

[1] It was admitted by respondent that he had no interest in the water system, and there is no evidence that appellant was not operating under a valid appropriation of the waters to a public use. The burden was on respondent to establish his right. The deeds relied on by him were wholly ineffectual to convey any private right in or to any of such waters, for the reason that it was not made to appear that any of the grantors owned the right attempted to be conveyed. It is not thought necessary either to set forth or enter into a discussion of the evidence on which respondent relies to establish a right based on adverse use, for the reason that we have reached the conclusion that private ownership of water devoted to the domestic use of the inhabitants of a city may not be so acquired.

[2]    The waters appropriated for and supplied to the inhabitants of Wardner and Kellogg were devoted to a public use, and subject to the regulation and control of the state. (Const., art. 15, sec. 1.)    The right of a public utility to collect rates for supplying water for the domestic use of the inhabitants of a city is a franchise, and can be exercised only in the manner provided by law. (Const., art. 15, sec. 2.)

The water was dedicated to the public use of the inhabitants of Wardner and Kellogg, and was not appropriated for private use on lands of individuals. (See *Hildreth v. Montecito Creek Water Co.*, 139 Cal. 22, 72 Pac. 395.)    The utility could make no disposition of such water nor could a user acquire any right therein other than in accordance with the provisions of the statute.    The furnishing of water to respondent without paying the uniform rate charged like users is positively prohibited by C. S., sec. 2427, and other sections of the statute.    It is indeed contrary to the purpose as well as the letter of the law.

Appellant was the agency through which the state devoted the waters of Slaughter House Gulch to this public use.    Such a private water right as that sought to be established by respondent cannot be acquired in water appropriated by a public utility for the domestic use of a city and its inhabitants.    If a public utility could by any act on its part, or by neglect, confer on one person a private right in water devoted to such public use, it could do the same thing with others and thereby destroy what the constitution declares a public use.

The right of an individual to use the water of a stream devoted to the public use of a city and its inhabitants arises out of the fact that he is a member of the public to the use of which the water is dedicated.    Previous use or enjoyment does not affect the right.    And no one can acquire a greater right than, as a member of that public to which its use is devoted, to demand and receive an adequate supply by com-

plying with reasonable rules and regulations and paying the rate therefor fixed by the state. (*Hildreth v. Montecito Creek Water Co., supra; Leavitt v. Lassen Irr. Co.*, 157 Cal. 82, 106 Pac. 404, 29 L. R. A., N. S., 213; 1 Cal. Jur. 585; *Hudson v. Ukiah Water & Improvement Co.*, 177 Cal. 498, 171 Pac. 93; *Southern Pacific Co. v. Spring Valley Water Co.*, 173 Cal. 291, 159 Pac. 865, L. R. A. 1917E, 680.)

It is ordered that the decree be modified in accordance with the views herein expressed. Costs to appellant.

Givens, Taylor and T. Bailey Lee, JJ., concur.

BUDGE, J., Concurring Specially.—Respondent seeks, in effect, to quiet title in himself to a certain water right. To establish such right he relies, first, upon a chain of title consisting of twelve different conveyances. An examination of each deed discloses the fact that there is not, and, so far as the record shows, there never was, a conveyance of the water right to respondent or to any of his predecessors by the appellant. While there are recitals in some of the deeds purporting to convey a certain water right, as before stated, in truth and in fact no such water right was so conveyed by the appellant company.

Respondent urges that if he is not entitled to have the right to the use of the water quieted in himself by mesne conveyances, he fully established a right to the use of the water by prescription and adverse user, and should therefore have the right quieted in himself.

The facts are, briefly, that appellant company appropriated all of the waters of Slaughter House Gulch and diverted the same through a system of underground pipes, thereby supplying the inhabitants of Wardner and Kellogg with water for domestic and other purposes. One of its mains ran along an alley near respondent's property. This main was tapped by a pipe through which respondent received water for domestic and other purposes. He received this

service free. Appellant being a public utility and under the jurisdiction of the Public Utilities Commission, the commission fixed its rates upon a hearing before it and ordered that respondent no longer be furnished free service. Appellant gave notice to respondent of this order and billed him as it did other users for water supplied through its system. Respondent refused to pay for the service, and urges that by reason of the fact that he has received this service gratuitously for many years, he thereby acquired the right to the use of the water by adverse user. This contention is not tenable. A water right can neither be initiated nor acquired by adverse user from the distributing system of a public service corporation. (1 Cal. Jur. 585.)

Respondent claims no right in the system and admits that title and ownership thereto rest in appellant. While he claims a water right, under the facts he has nothing more than a right to service upon compliance, in common with all other users, with the rules and regulations promulgated by the Public Utilities Commission. Under the provisions of C. S., sec. 2427, discrimination in favor of one user, and as against other users, is prohibited.

I concur with the majority that the judgment should be modified.